IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATHLEEN T. BAILEY,** | 3:13-cv-00538-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**[1] | |
| Defendant. | |

**KATHLEEN T. BAILEY**
7239 S.E. Mitchell Court
Portland, OR 97206
(503) 891-7682

      Plaintiff, *Pro Se*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2909

        Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Kathleen T. Bailey seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) payments under Title XVI.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

**ADMINISTRATIVE HISTORY**

Plaintiff filed her applications for DIB and SSI on July 10, 2009. Tr. 153.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 17, 2011. Tr. 15. At the hearing Plaintiff was represented by an attorney. Tr. 15. Plaintiff and a Vocational Expert (VE) testified at the hearing. Tr. 15.

The ALJ issued a decision on November 16, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 25-26. That decision became the final decision of the Commissioner on January 13, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

**BACKGROUND**

Plaintiff was born on July 11, 1959, and was 52 years old at the time of the hearing. Tr. 152. Plaintiff has a law degree. Tr. 35-36. She has past relevant work experience as a computer engineer, an attorney, a college professor, and a writer. Tr. 58-59, 157.

Plaintiff alleges she has been disabled since October 11, 2006, due to arthritis, allergies, hypoglycemia, fatigue, kidney problems, and cardiac problems. Tr. 156. Her last date insured

---

[2] Citations to the official transcript of record filed by the Commissioner on August 22, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

was June 30, 2010.  Tr. 153.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-25.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial

4 - OPINION AND ORDER

evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.  The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

5 - OPINION AND ORDER

meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of

jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 11, 2006, her alleged onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of "history of migraines, mild cervical degenerative joint disease, and right rotator cuff tear."[3]  Tr. 27.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 19.  The ALJ found Plaintiff has the RFC to perform light work "except she can no more than occasionally reach overhead with the right upper extremity."  Tr. 20.

---

[3] The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. *See* Tr. 13-14, 203.

8 - OPINION AND ORDER

At Step Five the ALJ found Plaintiff could perform her past relevant work as a computer engineer, an attorney, a college professor, and a writer.  Tr. 25.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 25.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) demonstrating prejudice against Plaintiff when he stated she has six children and questioned Plaintiff's mental health; (2) failing to find all of Plaintiff's impairments to be severe at Step Two; (3) improperly rejecting Plaintiff's testimony; (4) improperly rejecting the lay-witness statement of Robert Wolff; (5) failing to fully develop the record; and (6) providing an improper hypothetical to the VE.

### I.    The ALJ did not demonstrate prejudice against Plaintiff.

Plaintiff contends the ALJ demonstrated prejudice against her and, accordingly, did not provide her with a full and fair hearing.  Specifically, Plaintiff contends (1) the ALJ's erroneous statement that she is the mother of six children and (2) the ALJ's question during the hearing as to whether she has received psychiatric care are evidence that the ALJ harbored a prejudice against Plaintiff that affected his evaluation of her credibility.

9 - OPINION AND ORDER

The record reflects the ALJ only mentioned the erroneous fact that Plaintiff had six children once in his decision. Tr. 20.  The record also reflects the ALJ did not ask any questions at the hearing about whether Plaintiff cares for children, and the ALJ did not use this fact as a basis for any of his conclusions.  Thus, there is not any indication in the record that this statement was anything more than a scrivener's error. Accordingly, the Court concludes this misstatement was harmless error.

The record also reflects the ALJ asked Plaintiff during the hearing whether she had "ever received any psychiatric care." Tr. 48.  The ALJ asked this question after observing that Plaintiff seems "to have a preoccupation with bodily functions"; that her doctors "seem to feel that, too"; and that most of Plaintiff's tests have come back normal.  Tr. 48.  Plaintiff contends this question implied the ALJ believed Plaintiff was mentally unstable because she sought treatment for her conditions.  The Court disagrees.  The ALJ's question was not inappropriate in light of his duty as a fact-finder, and there is not any indication in his decision that he believed Plaintiff had a mental impairment or that he harbored a prejudice based on any mental impairment.

Accordingly, the Court concludes the ALJ did not demonstrate prejudice against Plaintiff that affected his evaluation of

10- OPINION AND ORDER

Plaintiff's credibility.

**II. The alleged error by the ALJ at Step Two was harmless.**

Plaintiff contends the ALJ erred by failing to find at Step Two that Plaintiff suffered from a circulatory condition, chronic colon disorder, arthritis, vision problems, and carpal-tunnel syndrome.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005). The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such

11- OPINION AND ORDER

>       a minimal effect on the individual that it would
>       not be expected to interfere with the individual's
>       ability to work . . . .  [T]he severity regulation
>       is to do no more than allow the Secretary to deny
>       benefits summarily to those applicants with
>       impairments of a minimal nature which could never
>       prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify chronic colon disorder, arthritis, vision problems, or carpal tunnel syndrome as severe impairments was harmless.

**III. The ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment

12- OPINION AND ORDER

or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra,* 481 F.3d at 750(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she suffers from impairments including chest pain, Prinzmetal's angina, sleeping problems, kidney problems, flu-like symptoms, colon problems, hypoglycemia, arthritis/joint pain, and migraines. Tr. 37-49. Plaintiff testified she has trouble waking up and she becomes ill and "logy" and is unable to think for the rest of the day if her sleep-cycle is interrupted. Tr. 43. This also causes her to have flu-like symptoms that include throwing up, shivering, muscle aches, and swollen joints. Tr. 39, 43. Plaintiff also stated she has a tendency to faint or to fall down and constantly

13- OPINION AND ORDER

needs to run to the bathroom because of her colon problems. Tr. 40. Plaintiff testified her arthritis causes her joints to swell, getting up and down from a chair is sometimes painful, and fluid develops in her knees after sitting for two hours. Tr. 40. Plaintiff also stated she developed carpal tunnel by scrubbing floors. Tr. 40. Plaintiff testified she has hypoglycemia, but is able to keep it under control if she eats every two hours. Tr. 43-45. Plaintiff testified she is "nonfunctional" for up to five hours on a good day because it takes her that long to wake up from sleep and to get her joints "moving." Tr. 46.

The ALJ found Plaintiff's "medically determinable impairments caused symptoms resulting in some limitations on work activity" as reflected in the RFC, but he concluded Plaintiff's subjective complaints and alleged limitations are not fully persuasive or consistent with her work history and the medical evidence. The ALJ, therefore, found Plaintiff was not fully credible. Tr. 24.

The ALJ noted Plaintiff visited an emergency room in 2006 complaining of a headache, but she "eloped prior to a full examination" and was "visibly upset when she was not provided opioids." Tr. 21, 225. When asked about this event at the hearing, Plaintiff stated she left because her "migraine turned out to be a blood sugar and electrolyte issue." Tr. 55. The ALJ also noted Plaintiff gave inconsistent reasons for not taking

medication: First, because she has fragile kidneys and later because she thought it might disrupt her brain function. Tr. 21, 38, 42.

The ALJ also found the opinion of consultative examiner Patrick Radecki, M.D., contradicted Plaintiff's testimony as to her alleged limitations. Dr. Radecki found Plaintiff was able to move without difficulty. Even though Plaintiff was only able to squat five percent, Dr. Radecki found that limitation was caused by "nonphysical reasons." Tr. 21-22, 242. Dr. Radecki diagnosed Plaintiff with "[l]ongstanding, vague joint complaints with no evidence of significant disability." Tr. 243. Dr. Radecki provided a functional assessment and concluded Plaintiff could perform unlimited sitting, standing, and walking in an eight-hour day; could carry a normal weight without limitations; did not have any limitations on bending, stooping, or crouching; and did not have any manipulative or workplace environmental limitations. Tr. 244.

The ALJ also found Plaintiff's daily activities and work history were inconsistent with her subjective complaints. The ALJ noted Plaintiff was able to drive one hour to the hearing, to go outside at least once a day, to clean her home, to use a computer, to shop, to pay bills, to camp, and to play a harp in

15- OPINION AND ORDER

hospice and in the airport for tips.[4]  Tr. 23.  The ALJ also noted Plaintiff worked as a volunteer attorney in 2006 and 2007 after her alleged onset date.  Tr. 24.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony as to her subjective complaints and alleged limitations.

**IV. The ALJ provided clear and convincing reasons for rejecting the lay-witness statement.**

Plaintiff contends the ALJ erred when he rejected the lay-witness statement of Robert Wolff.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific."  *Stout*, 454 F.3d at 1054.  Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an

---

[4] Plaintiff contends the ALJ's statement that Plaintiff is able to camp is erroneous because the record shows she is not capable of doing so as she suffered an episode of hypoglycemia while camping in 2007.  *See* Tr. 240.  The Court concludes to the extent this statement was not entirely accurate, it was, nevertheless, harmless error.

16- OPINION AND ORDER

"individualized, witness-by-witness basis. Rather if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114(quotation omitted).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 Fed. App'x 866 (9th Cir. 2012).

In a September 6, 2011, statement Wolff stated he has "closely observed [Plainitff's] health and activity, both day and night, for the better part of the past two years." Tr. 212. Although Wolff did not explain in his statement how he knows Plaintiff, Plaintiff testified he is a friend and that they were roommates for six months. Tr. 51-52. Wolf stated Plaintiff suffers from chronic pain due to arthritis, injuries, and general poor health; she cannot absorb many foods or medications, requires 9-10 hours of sleep for her body to recover from previous day's "trauma," requires two or more hours of "slow, careful preparation and dealing with personal biological and medical functions in order to achieve basic mobility and functionality," and "disrupting any of these patterns causes her

17- OPINION AND ORDER

entire system to shut down while she recovers." Tr. 213.

The ALJ gave Wolff's testimony "some weight because it is only somewhat consistent with the evidence of the record." Tr. 24. Although the ALJ found Wolff's statements that Plaintiff is capable of performing normal activities consistent with the record, he found the medical record did not support Wolff's statements as to the severity of Plaintiff's symptoms because doctors have not opined "she is disabled or unable to perform work activity." Tr. 24. For example, the ALJ noted examining physician, Stephen Chen, M.D., saw Plaintiff in 2011 for gastrointestinal problems and found Plaintiff did not have any restrictions on activity. Tr. 25, 304. Furthermore, Dr. Radecki "could find no reason to restrict functional capacity." Tr. 25, 243-44. The Court also notes Wolff generally repeats the testimony of Plaintiff, which the Court has concluded the ALJ properly discounted in part.

Accordingly, the Court concludes on this record that the ALJ provided reasons germane to Wolff supported by substantial evidence in the record for giving Wolff's statement only "some weight."

**V.   The ALJ did not fail to fully develop the record.**

Plaintiff contends the ALJ failed to fully develop the record because he failed to "ask the Plaintiff to supplement the record with statements from other people that the ALJ may have

18- OPINION AND ORDER

accepted . . . after dismissing the statement provided by Mr. Wolff."

As noted, the initial burden of proof rests on the claimant to establish disability. *Molina*, 674 F.3d at 1110.  The ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod*, 640 F.3d at 885 (quoting *Mayes,* 276 F.3d at  459-60).  The Social Security Regulations require the Commissioner to develop a claimant's medical record as follows:  "Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application."  20 C.F.R. §§ 404.1512(d), 416.912(d).

The Court has concluded the ALJ properly discounted the lay-witness statement of Wolff because his statements were not supported by the record and generally repeated Plaintiff's properly discounted testimony.  Furthermore, the ALJ's duty to develop the record pertains to the medical record itself and does not extend to seeking additional, corroborating lay-witness statements from Plaintiff.

Accordingly, on this record the Court concludes the ALJ did not fail to fully develop the record.

19- OPINION AND ORDER

**VI.  The ALJ's hypothetical to the VE was complete.**

Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain all of Plaintiff's alleged limitations.  The Court has already found the ALJ did not err when he discounted as not credible the testimony and statements of Plaintiff and lay-person Richard Wolff regarding Plaintiff's limitations.

On this record the Court concludes the ALJ's hypothetical to the VE was not inadequate.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 12th day of May, 2014.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

20- OPINION AND ORDER